**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TOWN & COUNTRY SALIDA, INC.,

    Plaintiff,

v.

DEALER COMPUTER SERVICES, INC.,

    Defendant/Third-party Plaintiff,

v.

TOWN & COUNTRY AUTOPLEX-GUNNISON, INC.,

    Third-party Defendant.

                                                      /

Case No. 11-15430
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 31, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Town & Country Salida, Inc.'s ("T&C Salida") Motion to Vacate or Modify Arbitration Award [dkt 1] and Defendant/Third-party Plaintiff Dealer Computer Services, Inc.'s ("DCS") Motion to Confirm Arbitration Award [dkt 7]. T&C Salida and DCS have filed their respective responses and briefs, but Third-party Defendant Town & Country Autoplex-Gunnison, Inc. ("T&C Gunnison") has filed no pleadings in this matter. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted.

For the reasons set forth below, T&C Salida's motion to vacate or modify the arbitration award is GRANTED to the extent the motion seeks modification of the arbitration award, and DCS' motion to confirm the arbitration award is GRANTED IN PART.

## II. BACKGROUND

T&C Salida seeks to have the Court vacate an arbitration award ("the Award") entered in favor of DCS pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(4) or alternatively, modify the Award under Section 11(b) of the FAA. As a result of a dispute between DCS and T&C Gunnison regarding a written contract ("the Contract"), the parties purportedly arbitrated before a three member panel ("the Arbitrators") operating under the American Arbitration Association ("AAA") guidelines in Oakland County, Michigan. The Arbitrators entered the Award against T&C Salida and T&C Gunnison in favor of DCS based on a breach of the Contract.[1] T&C Salida generally argues that the Arbitrators exceeded their authority in entering the Award because T&C Salida was neither a party to the Contract between DCS and T&C Gunnison nor did it participate in the arbitration proceedings.

In March of 1995, Gunnison Ford, a dealership in Colorado, entered into the Contract with DCS. DCS agreed to provide computer software that managed the dealership's operations, such as accounting, vehicle inventory, and service invoicing. DCS also provided the related computer hardware and technical support to install and maintain the software for Gunnison Ford. After a series of assignments, T&C Gunnison assumed the obligations under the Contract in April of 2001.

---

[1] T&C Salida is a Colorado corporation and alleges that its principal place of business is in Salida, Colorado at 1520 E. Highway 20. T&C Gunnison is a Colorado corporation that allegedly has its principal place of business in Gunnison, Colorado. Defendant Dealer Computer Services, Inc. is a Delaware corporation with a principal place of business in Houston, Texas.

In February of 2003, T&C Gunnison extended the Contract through May 14, 2016. T&C Gunnison also added an additional dealership to the Contract—identified in Amendment No. 37 of the Contract ("the Amendment") as "Town & Country Auto." J. Michael Goodart ("Goodart"), who is President of T&C Gunnison and T&C Salida, signed the Amendment adding "Town and Country Auto" as the additional dealership in his capacity as President of T&C Gunnison.[2] The address listed on the Amendment for T&C Gunnison is "212 West Highway 50[,] Gunnison, CO 81230." There is no address or signature related to the new dealership location "Town & Country Auto." Paragraph 61 of the Amendment provides, "that each individual dealership location that licenses Application Programs under this Agreement is jointly and severally liable for the entire contractual obligation." After executing the Amendment, DCS installed software at a dealership in Salida, Colorado, identified as "Town and Country Auto." DCS worked with Dave Bratton, who was identified as the General Manager, Goodart, and other employees of "Town and Country Auto" and T&C Gunnison to install the software at the Salida dealership.

In August 2008, T&C Gunnison consolidated the Gunnison and Salida dealership locations identified in the Contract with three related dealership locations. Around this time, T&C Gunnison stopped paying DCS for its services. After requesting assurances that T&C Gunnison would perform under the Contract and receiving no response, DCS filed a demand for arbitration with the AAA pursuant to the arbitration provision in the Contract.[3] The demand was filed on March 26,

---

[2] Goodart is also listed as the registered agent for both T&C Gunnison and T&C Salida.

[3] Section 17 of the Contract provides for arbitration as follows:

> all disputes, claims, controversies and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement, or to the breach thereof, including any claim in

3

2009, by DCS' counsel. The demand listed T&C Gunnison as the representative and identified T&C Gunnison's representative as Goodart. A scheduling conference was held between Shelly Skeen ("Skeen") of Blume, Faulkner, Skeen & Northam, PLLC ("Blume & Faulkner"), DCS' counsel, and the Arbitrators. Skeen represented T&C Gunnison. The final arbitration hearing before the Arbitrators was set for October 2011.

On February 1, 2011, DCS filed an amended demand for arbitration adding "Town & Country Auto" as a respondent. DCS also filed an amended specification of claims, in which DCS alleged that "Town & Country Auto" was jointly and severally liable with T&C Gunnison (based on the joint and several liability clause in the Amendment) for DCS' alleged damages under the Contract. The amended demand and specification of claims were provided to Skeen and James Blume ("Blume"), another attorney at Blume & Faulkner. The AAA noted receipt of the amended documents and provided written notice to Skeen and Blume that any responses to the amended demand must be submitted on or before March 21, 2011.

On March 21, 2011, Blume sent a letter to the AAA stating that respondent "Town and Country Auto" had received the notice requesting a response to DCS' amended specification of claims. The letter continues to state that "Town and Country Auto" objects to the Arbitrators' jurisdiction over it: "Town and Country Auto did not consent to arbitrate with [DCS]." The letter further provides that "Town and Country Auto" "reserves the right to have the issues of arbitrability determined in a court of law." On April 4, 2011, Blume & Faulkner sent a letter to the AAA providing notice that Blume & Faulkner was withdrawing as counsel for T&C Gunnison. The letter

> which either party is demanding monetary damages of any nature
> including negligence, strict liability or intentional acts or omissions
> by either party . . . shall be settled by arbitration . . . .

4

directed that all future communications be sent to Donald Belveal of Belveal & Eigel & Rumans, LLC ("Belveal") and Goodart at "Town and Country Auto Mall, 20 Craft Drive Alamosa, CO 81101." The AAA sent a letter to Goodart, Belveal, Blume & Faulkner, and DCS' counsel that a status conference would be held on April 27, 2011, regarding Blume's notice of withdrawal.

Blume sent a letter to the AAA, dated April 26, 2011, advising that Blume & Faulkner had withdrawn from representation of T&C Gunnison and that Blume & Faulkner would not be present at the April 27, 2011, status conference. Goodart also verbally notified the AAA that he would not be present at the status conference. After the hearing, the Arbitrators ordered that Blume & Faulkner had to continue representing respondent (referring to the party that DCS had filed the demand against—T&C Gunnison), mandating that "James Blume and the firm of [Blume & Faulkner] shall continue as counsel for Respondent." They further ordered that "Belveal has made an appearance of counsel for Respondent and still appears as counsel of record for Respondent."

On August 12, 2011, DCS sent a prehearing brief, exhibit list, and witness list to Blume & Faulkner, Belveal and Goodart—the documents identify T&C Gunnison and "Town & Country Auto a/k/a [T&C Salida]" as respondents for the first time. On August 18, 2011, Belveal sent a letter to the AAA and DCS' counsel stating that since Blume & Faulkner's withdrawal, correspondences for T&C Gunnison were incorrectly directed to him. Belveal stated he was not counsel of record for T&C Gunnison and had forwarded the documents to T&C Gunnison as a courtesy.

On August 31, 2011, Gordon Bosa, ("Bosa") an attorney licensed to practice in Colorado, sent a letter to DCS' counsel and Skeen of Blume & Faulkner advising counsel that Bosa was "not involved in the arbitration," but that Goodart had requested him to contact DCS and offer $7,500 as a full and final settlement. According to Bosa, "Town and Country Autoplex, Inc., has been

5

without assets since 2008." Bosa made clear in the letter that he was only acting "as a possible facilitator for the settlement" and was not entering "an appearance in the arbitration matter."

On October 3, 2011, the Arbitrators conducted the final arbitration hearing as previously ordered. At the hearing, DCS presented exhibits, live testimony, and testimony by affidavit. On November 18, 2011, the AAA entered the Award against T&C Gunnison and "Town & Country Auto" which it found to be known as T&C Salida. The Award states that "[d]espite full and proper notice, Respondents [referring to T&C Gunnison and T&C Salida] and their counsel of record chose not to attend the hearing." The Award further lists T&C Salida as a party, indicating that "Town & Country Autoplex-Salida, Inc. d/b/a Town & Country Auto a/k/a Town & Country Salida, Inc. a/k/a Town & Country Ford Dodge Chrysler Jeep is an automobile dealership that sells and services new and used cars at its principle place of business in Salida, Colorado." In paragraph 7 of the Award, the Arbitrators found that Town & Country added T&C Salida to the Contract according to the Amendment. The Arbitrators further found that T&C Gunnison and T&C Salida breached the Contract by failing to pay monthly invoices to DCS, unplugging DCS' computer system, and switching to a competing computer system. The Arbitrators ordered attorneys' fees against T&C Gunnison and T&C Salida pursuant to the express attorneys' fee provision. The final award of damages amounts to $1,255,378.95, plus attorneys' fees and expenses in the amount of $73,193.43, along with interest on the unpaid judgment.

T&C Salida filed an "Application and Motion to Vacate Arbitration Award" on December 9, 2011. [dkt1].[4] On January 12, 2012, DCS filed a response to T&C Salida's request to vacate the

---

[4] While the matter appears unrelated to the Eastern District, this matter is before the Court because the Award was entered in the Eastern District of Michigan. *See* 9 U.S.C. §§ 9–10.

arbitration award. [dkt 6] On January 18, 2012, DCS filed a motion to confirm the Award. [dkt 7]. This motion added "Town & Country Autoplex-Gunnison, Inc." as a Third-party Defendant (referred to previously and hereinafter as T&C Gunnison). On March 26, 2012, DCS requested a Clerk's entry of default against T&C Gunnison, which was entered the following day. T&C Salida contends that the Arbitrators exceeded their powers in entering the Award against it and that the Award should be vacated pursuant to 9 U.S.C. § 10(a)(4) or modified pursuant to 9 U.S.C. § 11(b). DCS requests that the Court deny T&C Salida's motion to vacate or modify the Award and confirm the Award pursuant to 9 U.S.C. § 9 against T&C Gunnison and T&C Salida.

### III. STANDARD OF REVIEW

The FAA governs arbitration awards resulting from contracts that involve interstate commerce. 9 U.S.C. § 1; *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 274–76 (1995) (explaining that commerce under the FAA extends to the limits of Congress's commerce-clause power). "A federal court may vacate an arbitration award only in very limited circumstances." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 845 (6th Cir. 2003); *Grain v. Trinity Health, Mercy Health Servs., Inc.*, 551 F.3d 374, 378 (6th Cir. 2009) ("In attempting to vacate or modify an arbitration award governed by the [FAA], a disappointed party must look to sections 10 and 11 of Title 9, which provide the exclusive regime for the review provided by the [FAA].") (citations and quotations omitted). Pursuant to section 10 of the FAA, a district court may vacate an arbitration award based on the application by any party to the arbitration proceeding "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). An arbitrator exceeds his or her authority by making an award against persons who were not parties to the arbitration

proceedings. *NCR Corp. v. Sac-Co., Inc.*, 43 F.3d 1076, 1080 (6th Cir. 1995); *Orion Shipping & Trading Co. v. E. States Petroleum Corp. of Pan., S.A.*, 312 F.2d 299, 300 (2d Cir. 1963), cert. den. 373 U.S. 949 (1963).

In addition to the enumerated statutory grounds, a district court may vacate an award if it is in "manifest disregard of the law." *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558, 561 n.2 (6th Cir. 2008). The Sixth Circuit has explained analysis under the judicially created ground of "manifest disregard of the law" as follows:

> This court has emphasized that manifest disregard of the law is a very narrow standard of review. A mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle.

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995); *see Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (same).

A district court may also modify or correct an award under section 11 of the FAA in limited circumstances. 9 U.S.C. § 11. Section 11 provides the following grounds for modifying an arbitration award so as to "effect the intent thereof and promote justice between the parties":

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> ©) Where the award is imperfect in matter of form not affecting the merits of the controversy.

8

9 U.S.C. § 11. Relevant to this case is § 11(b).

## IV. ANALYSIS

T&C Salida asserts that the Arbitrators exceeded their powers in two respects: (1) they had no jurisdiction over T&C Salida because it was not a party to the Contract; and (2) they exceeded their powers by entering an award against T&C Salida because DCS never commenced or provided notice of the arbitration proceedings to T&C Salida. In opposition to T&C Salida's arguments, DCS argues that the Arbitrators reviewed the Contract's clause pertaining to "Town & Country Auto's" joint and several liability. DCS also asserts that the Arbitrators reviewed and determined that T&C Salida was a party to the Contract based on evidence and testimony that DCS presented at the arbitration hearing.

### (1). T&C SALIDA IS NOT A PARTY TO THE ARBITRATION PROVISION

The arbitration provision in the Contract expressly limits arbitration to disputes "between the parties to the agreement." A rudimentary principal of arbitration is that it is a creature of contract. Arbitration is "a matter of consent, not coercion[,]" and the parties must agree to it. *Stolt-Nielson v. Animalfeeds Int'l Corp.*, __ U.S. __ ; 130 S.Ct. 1758, 1773 (2010) (citing *Volt Inf. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)). Arbitrators and courts must "give effect to the contractual rights and expectations of the parties" when enforcing an agreement to arbitrate. *Volt*, 489 U.S. at 479. Such is the case because an arbitrator derives his or her power from the agreement between the parties to submit their dispute to arbitration. *AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 648–49 (1986) ("[A]rbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration"). An arbitrator exceeds his authority by making an award against persons

who were not parties to the arbitration proceedings. *NCR Corp.*, 43 F.3d at 1080; *Orion Shipping & Trading Co.*, 312 F.2d at 300. "An arbitration panel may not determine the rights or obligations of non-parties to the arbitration." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846 (6th Cir. 2003).

Based on the Court's review of the Award, the extent of the Arbitrator's analysis on the issue of whether T&C Salida is a party to the Contract and the arbitration provision is unclear. The extent of the Arbitrator's analysis as provided in the Award is as follows: "Town & Country added an additional dealership location entitled Town & Country Auto d/b/a Town & Country Ford Dodge Chrysler Jeep a/k/a Town & Country Autoplex-Salida, Inc. a/k/a Town & Country Salida, Inc. to the Claimant contract." DCS argues that it presented both evidence and testimony at the arbitration hearing that established DCS' performance at a second dealership in Salida, Colorado, for T&C Gunnison.[5] There is no reasoning or evidence cited in the Award that supports the Arbitrators' conclusion that the dealership referred to in the Contract ("Town & Country Auto") can be attributed to T&C Salida.

More significantly, there is no evidence cited in the Award that T&C Salida is a signatory of the Contract containing the arbitration provision or assumed the Contract similar to T&C Gunnison. The Arbitrators failed to identify and apply any rule of law based on the FAA or Michigan law that supports the Arbitrators' decision that "Town & Country Auto" is T&C Salida and is bound by the arbitration provision in the Contract. *Stolt-Nielsen*, 130 S. Ct. at 1770. Even had the Arbitrators identified and applied a rule of law, the Court is not bound by the Arbitrators'

---

[5]The Court has reviewed no testimony presented at the arbitration hearing, but has been provided with evidence that was submitted to the Arbitrators.

decision that T&C Salida is a party to the Contract. "'[A] decision whether parties other than those formally signatories to an arbitration clause may have their rights and obligations determined by an arbitrator . . . is not within the province of the arbitrator himself but only the court.'" *NCR Corp.*, 43 F.3d at 1080 (quoting *Orion Shipping & Trading Co.*, 312 F.2d at 301).

Starting with the Contract—which contains the arbitration provision—the Contract was signed by Gunnison Ford, Inc. and DCS' predecessor in interest, Ford Dealer Computer Services, Inc.[6] T&C Gunnison then assumed the rights and obligations of the Contract, including the obligation to arbitrate any disputes arising under the Contract, from Gunnison Ford. To that extent, T&C Gunnison is bound by the arbitration provision in the Contract. *Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 628 (1985) ("By agreeing to arbitrate . . ., [a party] trades the procedures and opportunity for review of the courtroom for . . . arbitration"). Nothing in the record suggests otherwise.

The Court, however, finds that T&C Salida is not bound by the arbitration provision in the Contract. The only evidence in dispute that purportedly links T&C Salida to the Contract is the Amendment. The only reference in the Amendment as to the second dealership is "Town & Country Auto." While the Amendment provides for joint and several liability on the part of "each individual dealership location that licenses Application Programs under this agreement[,]" neither the Amendment nor the joint and several liability provision establish that those individual dealerships are bound by the arbitration provision in the Contract. *Promotora de Navegacion, S.A. v. Sea Containers, Ltd.*, 131 F. Supp. 2d 412, 416 (S.D. N.Y. 2000) ("Commercial arbitration is a creature

---

[6]Ford Dealer Computer Services, Inc., later dropped "Ford" from its name, and began operating as only DCS.

11

of contract, and a person cannot be required to submit to arbitration any dispute which he has not agreed to so submit.") (citations omitted).

Even assuming that both dealerships listed in the Amendment are bound to arbitrate disputes under the Contract, there is insufficient evidence to establish that T&C Salida is "Town and Country Auto." The Amendment contains no additional language as to the exact address of the second dealership (evidence in the record does establish that the dealership located in Salida, Colorado, which the parties do not dispute) or "Town and Country Auto's" specific relationship to T&C Gunnison. There is no evidence that "Town & Country Auto" as used in the Amendment even identifies a separate corporation, let alone establishes that "Town & Country Auto" is T&C Salida. The Amendment that adds "Town & Country Auto" as a dealership location was signed by Goodart as President of T&C Gunnison. The Amendment lacks any signature by a person representing that he or she signed the Amendment on behalf of "Town & Country Auto" or T&C Salida.

According to the Affidavit of Goodart, he is also the President and registered agent of T&C Salida. The fact that Goodart is the registered agent and President of both T&C Salida and T&C Gunnison does not allow the Court to overlook the existence of the two separate corporations. *Spartan Tube & Steel v. Himmelspach*, 102 F.3d 223, 226 (6th Cir. 1996). Goodart states that "Town & Country Auto" "is not a former name, assumed name, or trade name of [T&C Salida]." DCS has presented insufficient evidence to place Goodart's Affidavit in dispute. Whether DCS performed services at a dealership in Salida, Colorado, does not justify the Arbitrators' disregard of fundamental arbitration principles, *i.e.*, that the parties must consent to arbitration. Because the language of the arbitration provision expressly limits the scope of arbitration to disputes "between the parties," the Court finds that the Award is in "manifest disregard" of the law. *Dub Herring Ford*,

547 F.3d at 561; *Jaros*, 70 F.3d at 421. It is a fundamental principle that parties must consent to arbitrate a dispute and a party cannot be compelled to arbitrate a dispute that "it has not obligated itself by contract . . . ." *Teamsters Local Union No. 783 v. Anheuser-Busch, Inc.*, 626 F.3d 256, 261 (6th Cir. 2010); *see also John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 547 (1964). The Arbitrators refused to heed this fundamental principle by finding that T&C Salida is a party to the Contract. *Jaros*, 70 F.3d at 421.[7]

### (2). T&C SALIDA WAS NOT PROVIDED NOTICE OF THE ARBITRATION PROCEEDING

Having determined that there is insufficient evidence establishing that T&C Salida consented to arbitrate its dispute with DCS under the Contract, the Court considers whether T&C Salida, based on its conduct, participated in the arbitration proceeding and, thus, waived any right to object to its inclusion in the Award. Pursuant to Sixth Circuit precedent, "a party may waive its objection to the jurisdiction of the arbitrators by acquiescing in the arbitration with knowledge of the possible defect." *Nationwide Mut. Ins. Co.*, 330 F.3d at 846. Other circuits have also applied this principle, including the Fifth, Fourth, and Second Circuits. *See Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 674 (5th Cir. 2002) ("It is well settled that a party may not sit idle through an arbitration procedure and then collaterally attack the procedure on grounds not raised before the arbitrators when the result turns out to be adverse."). The Fourth Circuit has examined the parties' conduct to decide whether there is a manifestation of intent to arbitrate. *See Kimble v. Rhodes Coll., Inc.*, C-10-5786 EMC, 2011 WL 2175249, at *4 (N.D. Cal. June 2, 2011); *Rock–Tenn Co. v. United Paperworkers Int'l*

---

[7] That is not to conclude that "Town & Country Auto," T&C Salida or some other entity are not liable to DCS for the goods provided and the services performed. The Court is only finding based on the record before it that T&C Salida did not consent to arbitrate disputes under the Contract with DCS. To the extent that DCS can establish that "Town & Country Auto" is T&C Salida, DCS may have a cause of action against T&C Salida, but that issue is not before the Court.

*Union*, 184 F.3d 330, 335 (4th Cir.1999); *World Grp. Secs. v. Ko*, No. C–03–5055 MJJ (EDL), 2004 WL 1811145, at *8–9, (N.D. Cal. Feb. 11, 2004). Likewise, the Second Circuit holds that an agreement to arbitrate "may be implied from the parties' conduct." *Gvozdenovic v. United Air Lines, Inc.*, 933 F.2d 1100, 1105 (2d Cir. 1991). The Second Circuit stated in *Gvozdenovic* that the party's "active and voluntary" participation in the arbitration demonstrated a "clear intent to arbitrate the dispute." *Id.*

Applying the principle that participation in the arbitration proceeding can bind a party to the award, the Court finds no evidence that demonstrates that T&C Salida participated in the arbitration proceeding. T&C Salida therefore is not bound by the Award. DCS relies on several arbitration proceeding documents to demonstrate that T&C Salida participated in the arbitration proceeding through Blume & Faulkner. Contrary to DCS' assertions, there is neither evidence that Blume & Faulkner—or any attorney—filed an appearance or pleading on behalf of T&C Salida nor evidence that T&C Salida actively and voluntarily participated in the arbitration proceeding without representation.

Upon review of the documents DCS relies on, DCS' arguments are unconvincing and at times completely contrary to the actual language in the documents. DCS contends that T&C Salida participated in the arbitration by nominating one of the individuals to serve on the three member arbitration panel. DCS relies on two letters (dated July 1, 2009, and July 27, 2009) sent from Belveal to the AAA. The letters are in response to a request by the AAA for the parties to appoint arbitrators. The only respondent named at the time these letters were sent was T&C Gunnison. DCS has submitted no evidence that Belveal acted for or appeared on behalf of T&C Salida, rather, the letters indicate that he acted on behalf of T&C Gunnison.

14

DCS contends that T&C Salida was represented by Blume & Faulkner as evidenced by the Arbitrators' order denying Blume & Faulkner's withdrawal as counsel of record for T&C Gunnison *and* T&C Salida. In citing the excerpt to the Court, DCS' brief states that the Arbitrators denied Blume & Faulkner's withdrawal of counsel of record as to "Respondents." The language in the order issued by the Arbitrators, however, only uses "Respondent," which concerns the single respondent—T&C Gunnison—as indicated in the caption of that order.

Similar to DCS' misinterpretation of the language, the language in the Award also misinterprets the language used by the Arbitrators in their own previous orders. Throughout the Award, the Arbitrators refer to filings by the "Respondents," referring to T&C Gunnison and "Town & Country Auto a/k/a Town & Country Salida, Inc." Contrary to the Arbitrators' Award, T&C Gunnison was the only respondent in the case throughout a significant portion of the arbitration proceedings. For instance, the Award states that a scheduling conference in the matter was held on June 24, 2010. Skeen of Blume & Faulkner "participated as counsel of record on behalf of *Respondents*." The Award incorrectly uses the plural form of respondent as DCS did not file an amended demand adding "Town & Country Auto" until February 2011. The Award further indicates that Blume & Faulkner attempted to withdrawal as counsel for "Respondents." This is not the case as Blume & Faulkner's withdrawal notice only relates to T&C Gunnison and, as stated, "Town & Country Auto" was not yet listed as a respondent of the arbitration proceeding.

The Award further states that the Arbitrators issued an April 27, 2011, order denying Blume & Faulkner's withdrawal: "[T]he Panel issued an Order on April 27, 2011 denying the withdrawal and mandating that 'James Blume and [Blume & Faulkner] shall continue as counsel for Respondents.'" The language of the order, however, only refers to "Respondent," not

15

"Respondents."

DCS also states that it received a letter from Bosa (an attorney in Colorado) regarding T&C Salida's settlement offer. This letter, however, contains no evidence that it is from T&C Salida. The letter only demonstrates that Bosa represents many of Goodart's corporations and that he has been asked by Goodart to offer a settlement because "Town and Country Autoplex, Inc., has been without assets since 2008." There is no indication that the defendant corporation he refers to is T&C Salida. Rather, several paragraphs later, Bosa states that it is his "understanding that the attorneys representing Town & Country in the arbitration have withdrawn." Referring to Blume & Faulkner's attempted withdrawal (the only withdrawal that occurred during the arbitration proceeding), the only party that Blume & Faulkner withdrew representation from was T&C Gunnison. Furthermore, the only party that the Arbitrators ordered that Blume & Faulkner had to continue representing was T&C Gunnison. Therefore, DCS' attempt to cast Bosa's letter as a settlement letter from T&C Salida is unsupported by the record.

Moreover, DCS cites to no legal authority to support its conclusion that the fact that Goodart is listed as the registered agent and president for both T&C Salida and T&C Gunnison allows the Court to overlook the existence of the two separate corporations and assume that participation by Goodart on behalf of T&C Gunnison equates to participation by T&C Salida. *Himmelspach*, 102 F.3d at 226 (citing *Wodogaza v. H&R Terminals, Inc.*, 161 Mich. App. 746, 756 (Mich. Ct. App. 1987) ("The general principal in Michigan is that separate corporate identities will be respected, and thus corporate veils will be pierced only to prevent fraud or injustice.")). There is no clear and unmistakable evidence that DCS and T&C Salida agreed to arbitrate the dispute. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("[W]hen courts decide whether a party has

agreed that arbitrators should decide arbitrability[, c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is *clear and unmistakable* evidence that they did so.") (citations omitted) (emphasis added).

Furthermore, evidence in the record establishes that "Town & Country Auto" may be attributable to a second dealership located in Salida, Colorado. Colorado corporate records establish the existence of a third corporation operating under a name similar to T&C Gunnison and T&C Salida in Salida, Colorado. The third corporation is identified as "Town and Country Autoplex C.G., Inc." Goodart is also the registered agent and President of this company. Goodart himself states in his Supplemental Affidavit that he is President of Town and Country, Autoplex C.G., Inc. Most notably, Goodart indicates that the company is: (1) located in Salida, Colorado, at 943 E. Highway 50 (not the address of T&C Salida as represented to the Court); (2) received services from DCS; and (3) employed Dave Bratton as the general manager.[8]

In addition to the Colorado business records and Goodart's Supplemental Affidavit, a newspaper article—submitted by DCS—published on July 31, 2008, in the Gunnison Country Times demonstrates that two dealerships were located in Salida at the time T&C Gunnison was operating in Gunnison. The article explains that "Town & Country Autoplex" of Gunnison was closing due to the weakening economic activity. The article also discusses all of the dealerships that are part of the "Town & Country" dealership network and makes clear that two "Town and Country" dealerships are located in Salida, stating:

---

[8]The fact Dave Bratton worked as general manager at Town and Country, Autoplex C.G., Inc. is material because DCS provided the Arbitrators, and has provided this Court, with letters from an employee of DCS addressed to a Dave Bratton working as the general manager of "Town and Country Auto" in Salida, Colorado.

17

> The [Gunnison] sales and service shop—which specialized in Ford cars and trucks, Chrysler, Jeep and Dodge products, as well as used vehicles—was one of six Town & Country outlets. The regional Town & Country facility in Salida will now absorb Gunnison's fleet of vehicles and a small portion of its employees.
>
> That leaves five dealerships in the small chain, three in Alamosa and *two in Salida.*

The Court, however, makes no determination as to whether Town and Country Autoplex C.G., Inc. is this second dealership or is liable to DCS.

Accordingly, the Court finds that no appearance or pleading was ever filed on behalf of T&C Salida. The reference to T&C Salida as a respondent in the arbitration proceedings does not demonstrate that T&C Salida actively participated in the arbitration proceedings. The record fails to demonstrate that T&C Salida evinced a "clear intent" to "active[ly] and voluntar[ily]" participate in these arbitration proceedings. *See Promotora de Navegacion, S.A.*, 131 F. Supp. 2d at 416 ("Absent an 'explicit commitment' to arbitrate, an award will not be confirmed against a person who has not 'clearly and unambiguously' demonstrated an intent to be bound by the arbitral proceeding.") (citations omitted).

### (3). VACATE/MODIFY AWARD

T&C Salida has requested that the Court either vacate or modify the Award. Because there has been no dispute regarding the Award against T&C Gunnison, who has failed to appear in this matter, it is improvident and unnecessary to vacate the entire Award.[9] Justice is better promoted

---

[9] The parties do not dispute the validity of the assignment from Gunnison Ford to T&C Gunnison and neither party contends that T&C Gunnison is not a party to the Contract. DCS' motion to confirm the Award included T&C Gunnison. T&C Gunnison has filed no pleadings in this case and no attorney has filed an appearance on its behalf. On March 26, 2012, DCS requested a Clerk's Entry of Default as to T&C Gunnison, and the Clerk's Entry of Default was entered the following day. [dkt 26 & 27].

between the parties if the Court only vacates the portion of the Award as it relates to T&C Salida. Federal courts have vacated portions of arbitration awards when the arbitrator decided an issue not before him or her and that portion is severable from the rest of the arbitration award. *Orion Shipping & Trading Co.*, 312 F.2d at 299–301, *Techcapital Corp. v. Amoco Corp.*, 99 Civ. 5093, 2001 WL 267010, at *17 (S.D.N.Y. Mar. 19, 2001). The Court concludes that the Arbitrators' finding regarding T&C Salida was outside the scope of their authority by determining the rights of a non-party to the Contract. The Court finds that portion of the Award can be properly severed from the rest of the Award. *See First Options of Chicago, Inc.*, 514 U.S. at 943 ("[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those disputes" but only those disputes "that the parties have agreed to submit to arbitration"); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) ("[N]othing in the [FAA] authorizes a court to compel arbitration of any issues, or by any parties, that are not already covered in the agreement").

To the extent that the Sixth Circuit does not recognize a Court's power to partially vacate an arbitration award as established by federal courts resolving issues under the FAA, the Court further finds that modification of the Award is justified under 9 U.S.C. § 11(b) because the Arbitrators have awarded upon a matter not submitted to them. *See Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 328 (6th Cir.1998) ("A federal court may set aside an arbitration award under the FAA only upon a finding that certain statutory or judicial grounds are present."). Therefore to "effect the intent thereof and promote justice between the parties," the Court partially vacates (or modifies) the Award to the extent that it awards damages in favor of DCS against T&C Salida.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that T&C Salida's Motion to Vacate or Modify Arbitration Award [dkt 1] is GRANTED to the extent that the motion seeks modification of the Award. The Award IS HEREBY VACATED as it relates to T&C Salida.

IT IS FURTHER ORDERED that DCS' Motion to Confirm Arbitration Award [dkt 7] is GRANTED IN PART and DENIED IN PART. DCS' Motion is granted to the extent that the Award is confirmed as it relates to T&C Gunnison, but is denied to the extent that the Award relates to T&C Salida.

This resolves all claims in this case, and judgment will enter accordingly.

IT IS SO ORDERED.

                                          S/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: May 31, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 31, 2012.

                                          S/Marie E. Verlinde
                                          Case Manager, (810) 984-3290